IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2047-FL

| | | |
|---|---|---|
| KEVIN WAYNE MAYNARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUPERINTENDENT STANCIL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on the motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56 of respondent Bertie Correctional Institution Administrator Renoice E. Stancil ("respondent"). The issues raised have been fully briefed, and the matter is ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF CASE**

On November 4, 2010, in the Cumberland County Superior Court, petitioner pleaded guilty to second-degree murder, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon. Resp't's Exs. 1, 2. Petitioner then was sentenced to a term of one hundred eighty-nine (189) to two hundred thirty-six (236) months imprisonment. Id. Exs. 1, 2, 3. Petitioner did not file a direct appeal.

On October 30, 2011, petitioner filed a pro se motion for appropriate relief ("MAR") in the Cumberland County Superior Court. Id. Ex. 4. The MAR was denied on January 4, 2012. Id. Ex. 5. On January 23, 2012, petitioner filed a pro se petition for a writ of certiorari in the North Carolina

Court of Appeals, which was denied on February 9, 2012. Id. Exs. 7, 8. On March 8, 2012, petitioner filed a petition for a writ of certiorari in the North Carolina Supreme Court, which remains pending. Id. Ex. 9.

On February 12, 2012, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he received ineffective assistance of counsel and that a substantial change in the state sentencing procedure was retroactively applicable to his case. Petitioner also alleges that the prosecutor failed to adhere to the statutory time limits for a speedy trial.

On April 24, 2012, respondent filed a motion for summary judgment, arguing petitioner's action is time-barred.[1] Respondent alternatively argues that petitioner's action fails on the merits. The matter was fully briefed.

**DISCUSSION**

A.  Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material

---

[1] The court does not agree with respondent's calculation of the running of the statute of limitations period. However, because it is not necessary to resolve the statute of limitations issue to resolve the pending petition, the court declines to address the statute of limitations issue and proceeds to the merits of the petition.

2

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

3

fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the

3

[petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

    2.    Analysis

        a.    Ineffective Assistance of Counsel

Petitioner raises two ineffective assistance of counsel claims. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

            i.    Coercion of Plea and Failure to Assert Defense

In his first ineffective assistance of counsel claim, petitioner argues that his counsel refused to assert his actual innocence defense and pressured him into entering a guilty plea. This claim, however, is belied by petitioner's representations at his guilty plea hearing.

A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (196). A voluntary guilty plea normally forecloses

4

an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Following final judgment, collateral attack is limited to whether the plea was counseled and voluntary. See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267.

Here, the record reflects petitioner testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. See Resp't's Mem. Ex. 1. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. Id. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Id. Petitioner further testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. Id. Finally, petitioner testified that he, in fact, was guilty of the charged offenses. Id.

After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. Id. Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Based upon petitioner's plea transcript, the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Accordingly, there is no

5

basis for a finding that his guilty plea was coerced or that his attorney erred in failing to assert his claim of actual innocence.

      ii.   Speedy Trial/Pre-Indictment Delay

In his second ineffective assistance of counsel claim, petitioner alleges that his counsel failed to file a request for a speedy trial and to challenge the more than one year delay between his arrest and his indictment.[2] The MAR court adjudicated this claim, and found it to be meritless.

In its adjudication of petitioner's claim, the MAR court noted that petitioner was arrested on June 4, 2008, for the offenses of first degree murder, robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon, but was not indicted for these offenses until December 14, 2009. Resp't's Mem. Ex. 5. Petitioner subsequently pleaded guilty to the charges on November 4, 2010. Id. The MAR court found that petitioner "never filed any motions complaining about the length of time between his arrest and indictment," that he "alleged no specifics of any prejudice resulting from the delay in indictment," and that he did not file any request for a speedy trial. Id. Based upon this information, the MAR court denied petitioner's claim on the grounds that he showed "[n]o prejudice in length of time from arrest to indictment" and "never asserted any constitutional right to a speedy indictment or trial."

The court finds that the MAR court's findings are factually reasonable because petitioner failed both in state court and in this court to explain the nature of the pre-indictment delay or the prejudice he suffered as a result. Likewise, petitioner failed to allege any prejudice for his speedy trial claim. Thus, petitioner has not satisfied the two-pronged test. See Hill, 474 U.S. at 58 (finding

---

[2] The court notes that petitioner's speedy trial claim is made pursuant to the Sixth Amendment to the United States Constitution. However, his claim challenging the delay between his arrest and indictment is governed by the Due Process Clause of the Fifth Amendment to the United States Constitution. See United States v. Valenzuela-Bernal, 458 U.S. 858, 868-869 (1982).

that a petitioner challenging his guilty plea on the ground of ineffective assistance of counsel must show prejudice") (internal citation omitted) Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for petitioner's ineffective assistance of counsel claims.

b. Change in Sentencing Procedure

Petitioner alleges that the amendment to North Carolina's Structured Sentencing Act, which occurred during the pendency of his criminal action, should be retroactively applicable to him. The MAR court considered this claim, and found that "there is no legal authority [] to find that retroactive application of the modification to the Structured [S]entencing Act is required in this case." Resp't's Mem. Ex. 5.

The record reflects that petitioner was arrested on June 4, 2008, for offenses that occurred on May 4, 2008. Id. The superior court entered judgment in petitioner's criminal case on November 4, 2010. Id. Exs. 1-2. In the interim, on December 1, 2009, the North Carolina General Assembly amended the Structured Sentencing Act grid, which, inter alia, reduced the available minimum terms of imprisonment for petitioner's felonies.[3] See N.C. Gen. Stat. § 15A-1340.17(c). The amendment to the Structured Sentencing Act was made prospective only, and was applicable to offenses committed on or after December 1, 2009. Id.; 2009 N.C. Sess. Laws ch. 555, § 3 ("This act becomes effective December 1, 2009, and applies to offenses committed on or after that date."); see also, State v. Whitehead, __ N.C. __, 722 S.E.2d 492 (2012) ("The General Assembly clearly and

---

[3] The court notes that petitioner was convicted of Class B2 felonies and that his prior record level was two. According, petitioner's minimum terms were reduced from minimum terms of one hundred fifty-one (151) to one hundred eighty-nine (189) months imprisonment to minimum terms of one hundred forty-four (144) to one hundred eighty (180) months imprisonment. See N.C. Gen. Stat. § 15A-1340.17(c).

7

unambiguously provided that the Structured Sentencing Act may not be applied retroactively."). Based upon the foregoing, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for this claim.

   c.   Speedy Trial/Pre-indictment Delay Challenges

For the reasons set forth <u>supra</u>, the court finds that petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Thus, respondent is entitled to summary judgment for this claim.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate <u>both</u> "(1) 'that jurists of reason

8

would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED. The Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 22nd day of February, 2013.

*[signature: Louise W. Flanagan]*

LOUISE W. FLANAGAN
United States District Judge